UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>KARAPET DAMARYAN,<br><br>           Defendant. | No.  2:13-cr-00274-GEB<br><br>**ORDER REGARDING DEFENDANT'S REQUEST TO SEAL MEDICAL DOCUMENTS** |

       On July 21, 2017, Defendant Karapet Damaryan filed a "notice that he is requesting to file under seal the medical records from the Mission Community Hospital in Burbank, California." Not. of Request 1:17–18, ECF No. 104. On the same day, Defendant emailed chambers for in camera consideration the following medical documents he seeks to file under seal:  (1) a three-page letter that Aruyun Topsakalyan, M.D. wrote to Defendant's attorney and (2) several somewhat blurry and illegible medical records from the Mission Community Hospital. Defendant also emailed chambers for in camera consideration a motion entitled "REQUEST TO SEAL DEFENDANT DAMARYAN'S MEDICAL DOCUMENTS."  Defendant argues in this motion that the medical information he seeks to file under seal supports his request for a prison sentence below the advisory guideline range.

       Since the motion should have been filed on the public docket, it is made public in its entirety as follows:

Mr. Damaryan is calendared for Judgment and Sentencing on July 28, 2017 at 9:00 a.m., at which time Mr. Damaryan will argue for a downward departure and variance regarding the sentence to be imposed, based on his age, combined with his failing health. Mr. Damaryan, by and through his attorney, filed a sentencing memorandum on July 21, 2017. As referenced in the sentencing memorandum, the evidence of Mr. Damaryan's health consists of medical records provided by Mission Community Hospital. These medical records were delivered to Mr. Damaryan's attorney on June 16, 2017. Mr. Damaryan respectfully requests that the court place these medical records under seal, as the records contain confidential medical information and confidential identifying information.

I.   LAW AND ARGUMENT

Under Local Rule 141 and Federal Rule of Criminal Procedure 49.1, the court may order specific documents sealed, upon request by any party.

The right to privacy in a person's medical records is protected under 45 CFR 160 and 164 subparts (a) and (e). The documents in this case contain private health information, in that the documents are a complete record of Mr. Damaryan's recent health complaints and treatments. Therefore, Mr. Damaryan respectfully requests that the court place his private medical records under seal.

Defendant has not shown that the extent of secrecy he seeks is authorized under applicable sealing jurisprudence. "It is the burden of the party seeking closure, here [Damaryan], to present facts supporting closure and to demonstrate that available alternatives will not protect his rights." <u>Oregonian Pub. Co. v. U.S. Dist. Court</u>, 920 F.2d 1462, 1467 (9th Cir. 1990).

Defendant's conclusory argument that his sealing request is justified "under 45 CFR 160 and 164 subparts (a) and

2

(e)" is unavailing. The cited regulations do not concern sealing medical information. Defendant also cites Local Rule 141 as sealing authority. However, this procedural rule does not support the sealing request and prescribes in pertinent part: "Documents may be sealed only by written order of the Court, upon the showing required by applicable law." E.D. Cal. L.R. 141(a). Further, Defendant cites Federal Rule of Criminal Procedure 49.1 which permits redactions. This rule does not authorize the extent of the sealing Defendant seeks.

Further, Defendant includes some of the medical information he seeks to have sealed in his publicly filed Sentencing Memorandum, in which he argues the referenced medical information supports his argument that he should receive a prison sentence below the advisory guideline imprisonment range. See Sentencing Mem. 1:19–22, ECF No. 103. The disclosure of this information in his Sentencing Memorandum reveals that Defendant opines this medical information should be discussed in open court, and that it should mitigate the sentence he receives. See 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . ."). This disclosure evinces that Defendant relies on certain of his medical information to influence the decision on the sentence he ultimately receives. cf. United v. King, No. 10 Cr. 122(JGK), 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (indicating that when a defendant asks the court to consider his medical conditions during the sentencing proceeding, the defendant's privacy interest in medical records concerning those conditions may be minimized

since the defendant provided the medical information in an attempt to mitigate his sentence).

"[T]he First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1223, 1229 (9th Cir. 2012).

> Public access to . . . judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system. The presence of such oversight serves several values when a court is called upon to exercise its discretion to impose a criminal sentence. Public access in this context may serve to check any temptation that might be felt by either the prosecutor or the court . . . to seek or impose an arbitrary or disproportionate sentence; promote accurate fact-finding; and in general stimulate public confidence in the criminal justice system by permitting members of the public to observe that the defendant is justly sentenced.

United States v. Kravetz, 706 F.3d 47, 56–57 (1st Cir. 2013) (second ellipsis in original) (citations omitted); see also United States v. Brown, 808 F.3d 865, 866 (D.C. Cir. 2015) ("The Sentencing Reform Act of 1984, governing imposition of criminal sentences in federal courts, imposes certain 'indispensable' procedural obligations on sentencing judges[, and] among these obligations are the requirements of 18 U.S.C. § 3553(c), which prescribe how trial judges must explain their sentencing decisions." (citations omitted)).

> The Supreme Court has made clear that criminal proceedings and documents may be closed to the public without violating the first amendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be

        harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.

Oregonian Pub. Co., 920 F.2d at 1466.  "[E]ven if [certain] privacy rights of [Damaryan's] in [the medical] documents constitute a compelling interest," Damaryan has not shown that there are no "alternatives" to the degree of "closure" or secrecy he seeks "that can protect these interests." United States v. Guerrero, 693 F.3d 990, 1003 (9th Cir. 2012).

        Since Defendant has not provided justification for the extent of sealing or secrecy he seeks, the referenced medical documents are deemed returned to Defendant so he can decide what to do in light of this ruling.  See United States v. Baez-Alcaino, 718 F. Supp. 1503, 1507 (M.D. Fla. 1989) ("When a document is requested to be filed in camera it is presented to the appropriate judge to make a decision whether the document should be filed under seal, filed in the public documents, or returned to the submitting party, who may then [decide how to proceed with the matter].").

Dated:  July 27, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge